# EXHIBIT A-2

CAUSE NO. _____

| | | |
|---|---|---|
| THOMAS WETZ<br>Plaintiff | § § § § § | IN THE DISTRICT COURT |
| v. | § § | HARRIS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY<br>Defendant | § § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiff Thomas Wetz ("Plaintiff") files this Plaintiff's Original Petition complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and would respectfully show as follows:

### DISCOVERY CONTROL PLAN

Plaintiffs request that discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and requests that the Court enter an appropriate scheduling order.

### PARTIES

Plaintiff is domiciled in Harris County, Texas.

Defendant Allstate Vehicle and Property Insurance Company ("Allstate") is a foreign fire and casualty company engaged in the business of insurance in Texas. This Defendant may be served with process through its Registered Agent, CT Corporation System, 1999 Bryan Street,

Suite 900, Dallas, TX 75201-3136.

The Clerk is requested to issue Citation.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of the Court, and because the events giving rise to Plaintiff's claims occurred in this jurisdiction. Plaintiffs seek damages under T.R. Civ. P.47(c)(2).

This Court has jurisdiction over Defendants because Defendants committed a tort in Texas and because Defendant Allstate engages in the business of insurance in Texas.

Venue is proper in this county because the property at issue in this case was in this county and because the events giving rise to this lawsuit occurred in this county.

## FACTS

In January of 2018, Plaintiff owned the real property and improvements, including the primary residence, located at 15935 Walnut Wood Dr. Houston, TX 77084-2911 which was insured by insurance policy number 836644766 issued by Defendant Allstate (referred to as the "Policy").

In January 2018, while Plaintiff was away at work, his primary residence was broken into and personal property of approximately $35,000 was stolen from his home.

Plaintiff made a claim and demand for payment on Defendant Allstate for damages resulting from stolen personal property covered by the terms of the Policy under Claim No. 0489061085 XP4 (the "Claim"). The claim was adjusted by Allstate employees and Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

Plaintiffs submitted the Claim to Allstate against the Policy for Theft of personal property

and damage to real property sustained as a result of the theft. Plaintiff asked that Allstate cover the cost of the stolen items and the cost of repairs to the rear door of the home due to forced entry pursuant to the Policy. Defendant Allstate assigned the Claim to Paul Pleasant and Jillian O'Connor to adjust the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.

Defendant Allstate set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing any coverage for the stolen personal property, not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiff to repair his home, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for theft of the personal property and repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Allstate underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to his home.

Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the

Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged and stolen property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

Defendants Allstate misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

Defendants Allstate and Pleasant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

Defendants Allstate's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3). Defendants Allstate failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate. Defendant Allstate conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

Defendants Allstate and Pleasant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Allstate and Pleasant failed to conduct a reasonable investigation. Specifically, Defendants Allstate and Pleasant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of

Plaintiffs' losses on the Property. Defendants Allstate's, and Pleasant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

Defendant Allstate failed to meet its obligations under .the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Allstate' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite their being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Defendants Allstate knowingly or recklessly made false representations, as described

above, as to material facts, and/or knowingly concealed all or part of material information from Plaintiff.

As a result of Defendants Allstate's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

Plaintiff's experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Defendant has refused to pay all amounts due and owing under the Policy for the Claim. Defendant has failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling the claim.

Plaintiff has complied with any and all of Plaintiffs' obligations under the Policy.

## DISCOVERY RULE

Plaintiffs incorporate each and every of the foregoing paragraphs as if fully set forth therein. Plaintiffs did not discover, and should not, in the exercise of reasonable diligence, have discovered, the occurrence of the acts alleged in this Petition prior to the applicable statutory time frame for bringing suit and such suit was therefore timely filed.

## CAUSES OF ACTION

### Breach of Contract.

The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Allstate. Defendant Allstate breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

## Unfair Settlement Practices

Defendant violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices. All violations under this article are made actionable by TEX. INS. CODE §541.151.

Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541. 060(a)(4).

Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### Prompt Payment of Claims

The Claim is a claim under an insurance policy with Defendant Allstate, of which Plaintiff gave Defendant proper notice. Defendant Allstate is liable for the Claim. Defendant Allstate violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE § 542.055;

b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE § 542.056; and/or by

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058.

### Breach of the Duty of Good Faith and Fair Dealing/Bad Faith

Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear. Defendant's conduct proximately caused Plaintiffs' injuries and damages.

### Violations of the Texas Deceptive Trade Practices Act

Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE§ 17.41, *et seq.* ("D.T.P.A.") by engaging in "false, misleading or deceptive acts and practices."

Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

Defendant committed numerous violations of the D.T.P.A., insofar as Defendant:

a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d) Generally engaged in unconscionable courses of action while handling the Claim;

and/or

e) Violated the provisions of the Texas Insurance Code described therein.

Defendants took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to Plaintiff's detriment. Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the D.T.P.A., Plaintiff suffered actual damages. In addition, Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## Common Law Fraud

Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. Defendant knew the failure to pay and/or underpayment was false. Plaintiff justifiably relied upon said statements and suffered injury as a result.

## DAMAGES

As previously mentioned, the damages caused by the theft and break-in have not been properly addressed or repaired in the months since the incident, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Allstate's mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Upon the trial of this case, it shall be shown Plaintiff was caused to sustain damages as a result of Defendant's conduct. Plaintiff respectfully request the Court and jury award the amount

of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post judgment interest, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

## NOTICE/CONDITION PRECEDENT

All conditions precedent necessary to maintain this action have been performed or have occurred. Alternatively, Defendant has wholly waived and are estopped to assert all right to any conditions precedent.

## ALTERNATIVE PLEADING

All pleadings therein, if inconsistent, are made pursuant to Rule 48 of the Texas Rules of Civil Procedure.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff incorporate by reference and re-alleges all preceding sections of this Petition and would further show that many of his damages may be determined by known standards of value and accepted rules of interest as damages during the period beginning on the 180th day after the date Defendants received notice of the claim or on the day suit was filed, whichever occurred first, and ending on the day preceding the date judgment is rendered, or as the Court otherwise directs, calculated at the legal rate, or as otherwise set by the Texas Finance Code, any statute, or the common law.

## JURY DEMAND

Plaintiffs request a jury trial, and therewith tender a jury fee.

## NOTICE OF INTENT

Plaintiffs hereby give notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose the information or material described in Rule 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that formal judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendants, jointly and severally, for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit; and

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

Law Office of Jim Zadeh, P.C.

*[signature]*

---

Nick Peele
State Bar: 24097078
1555 Rio Grande Ave
Fort Worth, TX 76102
817-335-5100 – Telephone
817-335-3974 – Facsimile
nick@zadehfirm.com

ATTORNEYS FOR PLAINTIFFS